**Ole K. NILSSEN,**
**Plaintiff/Counterdefendant,**

v.

**MAGNETEK, INC.,**
**Defendant/Counterplaintiff.**

**No. 98 C 2229.**

United States District Court,
N.D. Illinois,
Eastern Division.

June 28, 2000.

George S. Bosy, Harry J. Roper, John E. Titus, Roper & Quigg, Chicago, IL, for plaintiff.

Brian Douglas Sieve, Robert J. Kopecky, Thomas Gerard Pasternak, Michael John Newman, Kevin John O'Shea, Kirkland & Ellis, Chicago, IL, for defendant.

### MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

After this action was reassigned to this Court's calendar from that of its colleague Honorable Matthew Kennelly by reason of the substantial similarity between this patent infringement action and that brought by patentee Ole Nilssen ("Nilssen") against Motorola, Inc. in Case No. 96 C 5571, counsel for the litigants[1] have understandably sought to address the few respects in which Judge Kennelly and this Court have differed (or appear to have differed) in the course of the *Markman* rulings in the two cases.[2] Most recently

---

**1.** In addition to the unsurprising handling of both of Nilssen's lawsuits by the same law firm, it happens that the law firm representing Motorola in Case No. 96 C 5571 also represents MagneTek, Inc. ("MagneTek") in this action.

**2.** To cut down on any need for background discussion, this opinion will assume familiarity with Judge Kennelly's and this Court's opinions, and the defined terms in both of the earlier opinions will be carried forward.

MagneTek has "move[d] this Court to reconsider Judge Kennelly's construction of the 'circuit means' limitation of the '754 Patent to make it consistent with this Court's prior ruling that the 'circuit means' limitation in the '690 Patent is a means-plus-function limitation" (MagneTek Motion at 1).

As both parties recognize, this Court's April 10, 2000 opinion that first dealt with differences between the two *Markman* rulings did not address the "circuit means" limitation in the '754 Patent. Again understandably, MagneTek's position on that subject is essentially that whatever was good for Motorola is equally good for MagneTek. It points to the portion of this Court's *Markman* ruling (disagreeing with Judge Kennelly's view) that spoke to the use of the "circuit means" terminology in claim 17 of the '690 Patent (*Nilssen v. Motorola, Inc.*, 80 F.Supp.2d 921, 929 (N.D.Ill.2000) (emphasis in original)):

> Although its own days as a highly trained technician (and in one instance as the author of a modest invention) during the formative—nay, primitive—days of airborne radar have so faded into the dim past as to render any possible claim by this Court to being even moderately "skilled in the art" a serious Rule 10b–5 violation, it takes no electronic sophistication at all to understand that electrical circuits are virtually infinite in number. It is not that "circuit" is nongeneric—it is rather that it is *so* generic that by itself it conveys no sense of structure at all. To say simply that an electrical circuit will be inserted into another circuit to accomplish a stated function is to afford the skilled reader no sense whatever of the structure of that insertion.

For their part, Nilssen's counsel begin by repeating the truism that this Court voiced in the course of its *Markman* decision in *Motorola, id.* at 932:

> [I]t is after all entirely possible that an inventor may choose to use the same term in different ways in two different patents.

But Nilssen's counsel then advance nothing to suggest (let alone to show) that such a possibility was translated into reality in the two Nilssen patents at issue here. Instead, when push comes to shove, Nilssen's counsel really do no better than to repeat the same arguments that this Court found wholly unpersuasive in *Motorola*, attempting to buttress those arguments with citations to two District Court opinions that are plainly distinguishable.

This Court remains unpersuaded by Nilssen's rehash. What was said in the earlier-quoted language from *Motorola* about "circuit means" applies with equal force here. MagneTek's motion for reconsideration is therefore granted, and this Court holds that the "circuit means" limitation in claim 8 of the '754 Patent is in means-plus-function format, so that it covers the structure disclosed in the '754 Patent's specification for performing the recited function (and any equivalents of that structure).